■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT STANARD, Appellant.— Judgment, Supreme Court, Bronx County, rendered October 16, 1970, convicting defendant, after a jury trial, of five counts of perjury in the first degree and sentencing him to concurrent indeterminate terms not to exceed three years in State Prison, affirmed. We feel that while the background testimony may have been unnecessarily extensive and detailed, it neither confused the jury nor deprived defendant of a fair trial. The court received it for the limited purpose of helping the trial jurors understand the nature and scope of the Grand Jury investigation which led to the perjury charges against defendant. Whenever objection was made, the jurors were adequately instructed that such evidence was being admitted as background material only and was not to be considered binding on the defendant. The extent of such material is largely a matter of discretion for the Trial Judge. On this record, we cannot say that prejudicial error was committed requiring a

reversal, either as a matter of law or in the interests of justice. Concur — Markewich, Nunez and McNally, JJ.; Capozzoli, J. P. and Murphy, J., dissent in the following memorandum by Murphy, J.: We would reverse. The trial record is replete with the manner and method of gamblers who pay for protection from arrest or to avoid prosecutions when arrested. There are described therein many meetings and many payoffs to the police of the Seventh Division. In some instances this defendant is alleged to have participated, and in many more he is in no way involved. The rationale for admitting this type of testimony, which was not connected with the charge of perjury for which the defendant was on trial, was to give the jury a little background so they can understand how the charges developed. In *People* v. *Gleason* (285 App. Div. 278, 282) this court, in discussing background material, said: " Every precaution must be taken lest it spill over its barriers and distort the jury's contemplation of the determinative and critical evidence. \* \* \* The *modus operandi* and the dramatis personae of that racket can be sketched quickly by only one participant. There is no purpose served by the redundant and prolonged recitals by all the recanting firemen of their actions and conversations in furtherance of their conspiracy. Any choice in the presentation of background proof should be exercised in favor of abridgement." In this case, five witnesses provided extensive background material of police corruption. Under the circumstances we do not think it was possible for this defendant to receive a fair and objective verdict from a jury on a trial for perjury when the perjury testimony had become only background for the charges of police corruption in the Seventh Division. We feel the jury was overwhelmed by the explanatory matter despite the trial court's very proper rulings in an attempt to keep it in perspective. Further, the prosecutor's opening, summation and his cross-examination of the defendant demonstrate that he affirmatively used the "background" against the defendant. This excessive use of explanatory material prejudiced the defendant's right to a fair trial and accordingly we would reverse and remand for a new trial.